**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an
   amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

---

1. **Debtor's name**

   Entrepids Technology Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   N/A – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   | 222 | W. Las Colinas Boulevard |
   |---|---|
   | Number | Street |

   Suite 1650E

   | Irving | TX | 75039 |
   |---|---|---|
   | City | State | ZIP Code |

   Dallas
   County

   **Mailing address, if different from principal place of business**

   _____
   Number     Street

   _____
   P.O. Box

   _____
   City          State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number     Street

   _____

   _____
   City          State      ZIP Code

5. **Debtor's website** (URL)

   www.agilethought.com

---

| Debtor | Entrepids Technology Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5415</u>   ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    **Entrepids Technology Inc.**
_____
Name

Case number *(if known)* _____

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.  District _____  When _____  Case number _____
MM / DD / YYYY

District _____  When _____  Case number _____
MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See attached schedule  Relationship  Affiliates

District  Delaware  When _____
MM / DD / YYYY

Case number, if known  _____

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number      Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor  **Entrepids Technology Inc.**
      _____      Case number (*if known*)_____
      Name

| | |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49          ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☑ $100,000,001-$500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☑ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _08/28/2023_
           MM  / DD / YYYY

✗  /s/ James S. Feltman                                James S. Feltman
   _____                         _____
   Signature of authorized representative of debtor    Printed name

Title  **Chief Restructuring Officer**
     _____

| Debtor | Entrepids Technology Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖    /s/ Jeremy W. Ryan

Date ___08/28/2023___

Signature of attorney for debtor

MM   / DD / YYYY

Jeremy W. Ryan

Printed name

Potter Anderson & Corroon LLP

Firm name

1313        North Market Street, Sixth Floor

Number        Street

Wilmington

City

DE        19801

State        ZIP Code

(302) 984-6000

Contact phone

jryan@potteranderson.com

Email address

4057

Bar number

DE

State

**Schedule 1**

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY THE DEBTOR AND ITS AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  A motion is being filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

- AgileThought, Inc.
- AN Global LLC
- 4th Source Holding Corp
- 4th Source Mexico, LLC
- 4th Source, LLC
- AgileThought Argentina, S.A.
- AgileThought Brasil-Consultoria Em Tecnologia LTDA
- AgileThought Brasil Servicos de Consultoria Em Software
- AgileThought Costa Rica, S.A.
- AgileThought Digital Solutions, S.A.P.I. de C.V.
- AgileThought México, S.A. de C.V.
- AgileThought, LLC
- AgileThought Servicios Administrativos, S.A. de C.V.
- AgileThought Servicios Mexico, S.A. de C.V.
- AGS Alpama Global Services México, S.A. de C.V.
- AGS Alpama Global Services USA, LLC
- AN Data Intelligence SA de CV
- AN Extend, S.A. de C.V.
- AN Evolution S. de R.L. de C.V.
- AN USA
- AN UX, S.A. de C.V.
- Anzen Soluciones, S.A. de C.V.
- Cuarto Origen, S. de R.L. de C.V.
- Entrepids México, S.A. de C.V.
- Entrepids Technology Inc.
- Facultas Analytics, S.A.P.I. de C.V.
- Faktos Inc, S.A.P.I. de C.V.
- IT Global Holding LLC
- QMX Investment Holdings USA, Inc.
- Tarnow Investment, S.L.
- AgileThought, S.A.P.I. de C.V.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENTREPIDS TECHNOLOGY INC., | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 1007(a)(3), the following persons and entities are equity security holders for Entrepids Technology Inc., the Debtor in this case, as of the date hereof:

| Member | Address | Percentage of Equity Held |
|---|---|---|
| IT Global Holding LLC | 222 West Las Colinas Boulevard, Suite 1650E, Irving, TX 75039 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENTREPIDS TECHNOLOGY INC.,** | Case No. 23-_____ (____) |
| **Debtor.** | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

Name:      IT Global Holding LLC
Address:   222 West Las Colinas
           Boulevard, Suite 1650E,
           Irving, TX 75039

**Fill in this information to identify the case:**

Debtor name: AN Global LLC, et al.

United States Bankruptcy Court for the District of Delaware

Case number (if known):

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TAX ADMINISTRATION SERVICE (MEXICO) AV. HIDALGO 77 COL. GUERRERO CIUDAD DE MEXICO, 06300 MEXICO | PHONE: (52)-55 627 22 728 | TAX | CONTINGENT, UNLIQUIDATED, DISPUTED | | | $ 203,333,138.00 |
| 2 | MONROE CAPITAL LLC JEFF CUPPLES 311 SOUTH WACKER DRIVE SUITE 6400 CHICAGO, IL 60606 | JEFF CUPPLES PHONE: 312-523-2385 FAX: 312-258-8350 EMAIL: JCUPPLES@MONROECAP.COM | FEE | | UNDETERMINED | | $ 3,451,615.00 |
| 3 | MICROSOFT CORPORATION EDGAR I. BLANCO PO BOX 842103 DALLAS, TX 75284 | EDGAR I. BLANCO PHONE: 469-775-0391 EMAIL: EDGARBLANCO@MICROSOFT.COM | TRADE | | | | $ 1,808,548.96 |
| 4 | EXITUS CAPITAL SAPI DE CV SOFOM ENR JACOBO MONTOYA CARRETERA MEXICO-TOLUCA NUMERO 5420, PISO 8 COLONIA EL YAQUI CUAJIMALPA DE MORELOS, CDMX 05320 MEXICO | JACOBO MONTOYA PHONE: 55-41709910 FAX: 55-36490804 EMAIL: JMONTOYA@EXITUS.COM | DEBT | | UNDETERMINED | | $ 1,580,000.00 |
| 5 | MAYER BROWN LLP LUCAS GIARDELLI 230 SOUTH LASALLE ST CHICAGO, IL 60604 | LUCAS GIARDELLI PHONE: 646-469-4914 EMAIL: LGIARDELLI@MAYERBROWN.COM; MGOMEZ2@MAYERBROWN.COM | PROFESSIONAL SERVICES | | | | $ 1,524,203.15 |
| 6 | COUSINS FUND II TAMPA III, LLC JILLIAN TAHAN 3344 PEACHTREE RD NE SUITE 1800 ATLANTA, GA 30326 | JILLIAN TAHAN PHONE: 813 289 2600 EMAIL: MDESSLER@COUSINS.COM; JTAHAN@COUSINS.COM | LEASE | | | | $ 1,130,032.96 |
| 7 | SAP MEXICO SA DE CV OMAR TORRES AV. PASEO DE LA REFORMA 509, PISO 20 CDMX, 06500 MEXICO | OMAR TORRES PHONE: 52 55 4588 2887 FAX: 52 (81) 8152 1701 EMAIL: OMAR.TORRES01@SAP.COM; VANESSA.DALMAS@SAP.COM; EDUARDA.FORESTA@SAP.COM | TRADE | | | | $ 1,106,302.49 |
| 8 | KORN FERRY MAX KERSHNER, BARBARA JORDAN N50 SUITE 25000 1201 WEST PEACHTREE ATLANTA, GA 55402 | MAX KERSHNER, BARBARA JORDAN PHONE: 404 577 7542 EMAIL: MAX.KERSHNER@KORNFERRY.COM; BARBARA.JORDAN@KORNFERRY.COM | PROFESSIONAL SERVICES | | | | $ 949,447.96 |
| 9 | FACTORING CORPORATIVO SA DE CV SOFO L RODRIGUEZ REFORMA NO. 2654 INTERIOR 1003 REFORMA NO. 2654 INTERIOR 1003 MEXICO CITY, 11950 MEXICO | L RODRIGUEZ PHONE:  55 50810990 EXT 124 EMAIL: LRODRIGUEZ@FACCORP.NET | FACTORING AGREEMENT | | | | $ 917,592.04 |
| 10 | KC RENTAS S.A DE C.V RICARDO MENDIETA, ROSALBA CESAREO 10 DE MAYO # 47-A TLALNEPANTLA DE BAZ, 54080 MEXICO | RICARDO MENDIETA, ROSALBA CESAREO PHONE: 52 55 5365 5050 EXT 421; 52 55 1525 8836 EMAIL: RMENDIETA@KAPALI.COM.MX; RCESAREO@KAPALI.COM.MX | LEASE | | | | $ 828,531.38 |
| 11 | AGS GROUP MAURICIO RIOSECO 907 RANCH ROAD 620 SOUTH, SUITE 302 LAKEWAY, TX 78734 | MAURICIO RIOSECO EMAIL: MAURICIO.RIOSECO@RW.COM.MX | DEBT | | UNDETERMINED | | $ 775,931.61 |
| 12 | TENNESSEE DEPARTMENT OF REVENUE COLLECTION SERVICES DIVISION 500 DEADERICK ST NASHVILLE, TN 37242 | COLLECTION SERVICES DIVISION PHONE: 844-729-8689 EMAIL: REVENUE.COLLECTION@TN.GOV; TDOR.BANKRUPTCY@TN.GOV | TAX | DISPUTED | | | $ 684,561.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 LINK X S. A. DE C. V.<br>BLANCA GOMEZ, JOSÉ LUIS CHACÓN<br>JOSE PAGES YERGO<br>LA MAGDALENA 104<br>TOLUCA, 50010<br>MEXICO | BLANCA GOMEZ, JOSÉ LUIS CHACÓN<br>PHONE: 52 55 7858 0472; 52 55 8868 8713<br>EMAIL: BIGOMEZ@LINKX.MX;<br>CASEGURA@LINKX.MX; JLCHACON@LINKX.MX | TRADE | | | | $ 680,137.59 |
| 14 KPMG LLP<br>SPENCER FELD<br>2323 ROSS AVENUE SUITE 1400<br>DALLAS, TX 75201 | SPENCER FELD<br>PHONE: 402-650-3441<br>FAX: 214-840-2297<br>EMAIL: SFELD@KPMG.COM;<br>LACOSTA@KPMG.COM | PROFESSIONAL SERVICES | | | | $ 566,571.81 |
| 15 BDO USA, LLP<br>TJ NUNEZ<br>770 KENMOOR SE SUITE 300<br>GRAND RAPIDS, MI 49546 | TJ NUNEZ<br>PHONE: 813-302-6622<br>EMAIL: CLEWIS@BDO.COM; TNUNEZ@BDO.COM | PROFESSIONAL SERVICES | | | | $ 490,070.00 |
| 16 PRICEWATERHOUSECOOPERS<br>IVANNA NAZAR<br>2121 N. PEARL STREET SUITE 2000<br>DALLAS, TX 75201 | IVANNA NAZAR<br>PHONE: 31 06 41587682<br>EMAIL: IVANNA.NAZAR@PWC.COM | PROFESSIONAL SERVICES | | | | $ 462,368.00 |
| 17 MICROSTRATEGY MEXICO S DE RL DE CV<br>LETICIA PEREZ<br>JUAN SALVADOR AGRAZ 50 602<br>SANTA FE<br>CUAJIMALPA, 05348<br>MEXICO | LETICIA PEREZ<br>PHONE: 52 55 6827 8367<br>FAX: 52-55-4140-6112<br>EMAIL: LPEREZ@MICROSTRATEGY.COM | TRADE | | | | $ 434,004.72 |
| 18 ANOVORX<br>KYLE P. TRUITT<br>1710 N SHELBY OAKS DR SUITE 3<br>MEMPHIS, TN 38134 | KYLE P. TRUITT<br>PHONE: 901-359-8896<br>FAX: 901-201-5470<br>EMAIL: KYLE.TRUITT@ANOVORX.COM | LITIGATION | | | | $ 395,000.00 |
| 19 DATAVISION DIGITAL<br>NORMA DIAZ<br>AVENIDA PATRIOTISMO 48<br>MIGUEL HIDALGO, 11800<br>MEXICO | NORMA DIAZ<br>PHONE: 52 (55) 5273 2903<br>EMAIL: NORMA.DIAZ@DATAVISION.COM.MX | TRADE | | | | $ 383,641.94 |
| 20 BANCO VE POR MAS, S.A.<br>JAVIER GARCIA, SION CHEREM<br>PASEO DE LA REFORMA 243 PISO 21<br>CUAUHTEMOC<br>CDMX, 06500<br>MEXICO | JAVIER GARCIA, SION CHEREM<br>PHONE: 52 55 7919 3828<br>EMAIL: JAVIER.GARCIA@SIMETRICGI.MX;<br>SION.CHEREM@SIMETRICGI.COM | TRADE | | | | $ 349,750.17 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Entrepids Technology Inc.__

United States Bankruptcy Court for the: _____  District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Corporate Ownership Statement, List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/28/2023__                     ✘ _____/s/ James S. Feltman_____
MM / DD / YYYY                                       Signature of individual signing on behalf of debtor

                                                 __James S. Feltman_____
                                                 Printed name

                                                 __Chief Restructuring Officer_____
                                                 Position or relationship to debtor

**UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF MEETING OF**
**THE BOARD OF DIRECTORS**
**OF**
**ENTREPIDS TECHNOLOGY INC.**

August 27, 2023

The undersigned, constituting all of the members of the Board of Directors (the "Board") of Entrepids Technology Inc., a Delaware company (the "Company"), do hereby waive all notice of a meeting of the Board and approve and adopt the following resolutions as of the date first written above by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of Title 8 of the Delaware Code.

WHEREAS, the Board has reviewed and analyzed materials and advice presented by the management and the outside financial and legal advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Company and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the business of the Company; and

WHEREAS, the Board has determined that it is desirable and in the best interests of the Company and its creditors, employees and other parties in interest, that the Company file or cause to be filed a voluntary petition (the "Chapter 11 Case") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

NOW THEREFORE BE IT RESOLVED, that filing of the Chapter 11 Case by the Company, and the seeking of relief by the Company under chapter 11 of the Bankruptcy Code in the Bankruptcy Court be, and each hereby is, authorized and approved for all purposes and in all respects; and it is further

RESOLVED, that James S. Feltman is hereby appointed as Chief Restructuring Officer of the Company (the "CRO"); and it is further

RESOLVED, that the CRO and any other person designated and so authorized to act by the aforementioned officer (each such officer or designee being an "Authorized Person"), be, and each hereby is, authorized and empowered to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code in the name and on behalf of the Company, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Board, and to file or cause the same to be filed in the Bankruptcy Court at such time as such Authorized Person executing the same shall determine; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered to execute, verify and file or cause to be filed on behalf of and in the name of the Company, including in the Company's capacity as shareholder, manager, or member of its subsidiaries,  any and all petitions, resolutions, schedules, motions, lists, applications, pleadings and other papers, in such forms as the Authorized Person executing the same shall approve, his,

her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Board, and to take all such other actions deemed by such Authorized Person to be necessary, appropriate or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to retain (i) Hughes Hubbard & Reed LLP as co-general bankruptcy counsel; (ii) Potter Anderson & Corroon, LLP as co-general bankruptcy counsel; (iii) Garrigues México, S.C. as general Mexican restructuring counsel; (iv) Teneo Capital LLC to provide financial advisory services; (v) Guggenheim Securities, LLC, as investment banker; (vi) Kurtzman Carson Consultants LLC as claims, noticing and balloting agent and to provide administrative advisory services; and (vii) such other professionals as the Authorized Persons deem necessary, appropriate or desirable in connection with the Chapter 11 Case, in each case on such terms as the Authorized Persons shall deem necessary, appropriate or desirable and subject to any required approvals of the Bankruptcy Court; and it is further

RESOLVED, that in connection with the Chapter 11 Case, any Authorized Person be, and each hereby is, authorized and empowered on behalf and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Financing Agreement, by and among the Company, as Borrower, each subsidiary of the Company listed as a "Guarantor" on the signature pages thereto, BlueTorch Finance LLC as collateral agent and administrative agent (the "DIP Agent"), and each lender from time to time party thereto, as Lenders (as amended, modified, supplemented, or restated, the "DIP Credit Agreement"), on substantially the terms and subject to the conditions described to the Board and as set forth in the DIP Credit Agreement or as may hereafter be authorized by the Board or each of the Authorized Persons; (ii) any and all transactions contemplated by the DIP Credit Agreement, including, without limitation, the payment of any fees and expenses payable under the DIP Financing Documents (defined therein) and the grant of security interests in and liens upon (including priming liens) some, any or all of the Company's assets, as any such Authorized Person executing the same may consider necessary, proper or desirable, such determination to be evidenced by such execution; (iii) the "Loan Documents" as that term is defined in the DIP Credit Agreement (collectively, the "DIP Loan Documents") to which the Company is a party and any and all agreements or instruments on behalf of the Company (including, without limitation, in connection therewith, such notes, security agreements, pledge agreements, mortgages, guarantees, fee letters, bailee letters, collateral access agreements, deposit account control agreements, securities account control agreements, and other agreements or instruments on behalf of the Company (such other agreements and instruments, together with the DIP Credit Agreement and the DIP Loan Documents, collectively, the "DIP Financing Documents") necessary or advisable in order to consummate the transactions contemplated under the DIP Financing Documents, the performance of the Company's obligations and grant of security interest contemplated thereby and the guaranty of the obligations thereunder, with such changes to the DIP Financing Documents or additions thereto as the Authorized Person executing the same shall approve as being necessary or desirable, such approval to be evidenced by such execution; and (iv) any and all amendments, supplements and changes to the DIP Financing Documents, as any such Authorized Person executing the same may consider necessary, proper or desirable, such determination to be evidenced by such execution; and it is further

RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Company is a party be, and the same hereby are, in all respects approved, and that any Authorized Person is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver the DIP Credit Agreement and each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as any such Authorized Person executing the same may consider necessary, proper or desirable, such determination to be evidenced by such execution; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered to take any and all actions necessary or appropriate for the Company to negotiate a refinancing, recapitalization, restructuring or other reorganization of the Company, including under one or more plans of reorganization, and, subject to further approval of the Board, to enter into such plan of reorganization and all other documents, agreements or instruments to effectuate the foregoing; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to negotiate, execute, deliver and/or file or cause to be filed any and all agreements, amendments, instruments, consents, certificates, letters, documents or other writings, and to take all such other actions (including the payment of expense) deemed by such Authorized Person to be necessary, appropriate or desirable to carry out the purposes and intents of each and all of the foregoing resolutions; and it is further

RESOLVED, that all authority conferred by these resolutions shall be deemed retroactive and any and all acts authorized under these resolutions performed prior to the adoption of this resolution are hereby ratified, affirmed and approved; and that, without limitation of the foregoing, all actions heretofore taken for or on behalf of the Company by any Authorized Person in connection with the transactions contemplated by the preceding resolutions be, and hereby are, ratified, adopted and confirmed in all respects.

This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.  This document shall be filed with the minutes of the proceedings of the Board.  The resolutions herein shall have the same force and effect as if they were adopted at a meeting at which the undersigned personally was present.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTOR**

_____
Patrick Bartels